IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN E. ZEMAN, )
    Plaintiff, )
)
vs. ) Case No. 07-1390-JTM
)
MICHAEL J. ASTRUE, )
COMMISSIONER OF )
SOCIAL SECURITY ADMINISTRATION, )
    Defendant. )
)

MEMORANDUM AND ORDER

Plaintiff Kevin Zeman filed the present action following a denial of his application for disability insurance benefits and supplemental security income (hereinafter "SSI"). Zeman originally filed the application on April 11, 2005. It was denied initially on October 13, 2005 and upon reconsideration on June 6, 2006. Following a hearing held June 4, 2007, Administrative Law Judge Michael R. Dayton issued an unfavorable decision. Zeman timely filed a request for review of the hearing decision on September 4, 2007, which the Appeals Council denied on November 9, 2007. Zeman appeals the decision of the ALJ on two bases: 1) the ALJ erred in not considering Zeman's mental limitations to be severe; 2) the ALJ failed to give proper weight to Zeman's treating source.

This court's review of the Commissioner's decision is limited. *Hamilton v. Sec'y of HHS*, 961 F.2d 1495, 1497 (10th Cir. 1992). It will determine: 1) whether substantial evidence in the record as a whole supports the decision; and, 2) whether the ALJ applied the correct legal standards. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d

1

1208, 1214 (10th Cir. 2004). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). Under 20 C.F.R. § 404.1512(a), Zeman must demonstrate that he was unable to work because of a medically determinable impairment which lasted for a continuous period of at least 12 months. *See* 20 C.F.R. § 404 1512(a).

In the present case, the ALJ determined that Zeman suffered from the following severe impairments: 1) cardiomyopathy;  2) asthma and  3) hypertension.  He found Zeman's medically determinable mental impairments cause no more than mild limitations and therefore were nonsevere.  The ALJ also found that Zeman retained the residual functional capacity ("RFC") to: 1) lift and carry 50 pounds occasionally, and 25 pounds frequently; 2) sit for 6 hours in a 8-hour workday with normal breaks; and 3) stand or walk at least 6 hours in a 8-hour workday with normal breaks.  RFC  is what a person can do despite his or her limitations. *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).  He found that Zeman should avoid exposure to extreme heat and cold and should avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation and other airborne pollutants.  Based on the testimony of a vocational expert, the ALJ determined that Zeman could perform work that existed in the economy, including the following: 1) sandwich maker; 2) order filler; 3) cafeteria attendant and 4) marker.  Substantial evidence of record supports the ALJ's RFC determination**.**

Zeman claims that the ALJ erred in failing to find his mental limitations to be severe.   An impairment must be established by medical evidence, and must last for a continuos period of at least 12 months.  20 C.F.R. § § 404.1508, 404.1509, 416.908 and 416.909.  A "severe impairment" is any "impairment or combination of impairments which significantly limits physical or mental

ability to do basic work activities." 20 C.F.R. § § 1520(c) and 416.920(c). Here, the ALJ found Zeman's medically determinable anxiety and depressive impairments, considered singly and in combination, do not cause more than minimal limitation in his ability to perform basic work activities.  He further found Zeman did not have an impairment or combination of impairments that met or equaled any of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing of Impairments.  The ALJ also found Zeman's allegations regarding limitations were not entirely credible.  He discussed and evaluated Zeman's mental impairments using the psychiatric review technique as required by 20 C.F.R. §§ 404.1520a and 416.920a and found the record reflected that he had no limitation in activities of daily living.  Zeman lived alone, walked, drove and obtained rides from relatives.  The record supports a finding that Zeman had no problems taking care of personal needs.  Daily activities may be considered, along with other evidence, in determining whether a person is entitled to disability benefits.  *See Gossett v. Bowen*, 862 F.2d 802, 807 (10th Cir. 1988).

The ALJ found Zeman had only a mild limitation in his ability to maintain social functioning.  Zeman visited relatives regularly and told Dr. Schwartz that he was a strong, active member of his church. He also said he enjoyed being with friends, family and older people at nursing homes. Zeman's report of isolating behavior is inconsistent with the record as a whole: (1) he had daily visits with his mother; (2) he had frequent contact with his stepdaughter; (3) he assisted other relatives, ie. re-roofing a house; and (4) he saw friends two or three days a week.

The ALJ also considered Dr. Schwartz's two mental evaluations of Zeman as well as Dr. Lang's medical source statement. An April 11, 2006, discharge summary indicated that Zeman's anxiety was controlled by medication.  (Tr. at 201).  "If an impairment can be controlled by

treatment or medication, it cannot be considered disabling." *Warford v. Bowen*, 875 F.2d 671, 673 (8th Cir. 1989).

A state agency medical doctor examined the record and found Zeman had no severe mental impairment and no restrictions on daily living activities, and no episodes of decompensation; he found Zeman had only mild difficulties in maintaining social functioning and in maintaining concentration, persistence or pace. Dr. Grocki, who was Zeman's primary care physician until he began seeing Dr. Lang in late 2005, noted on August 3, 2005 that Zeman had "been an abuser of methamphetamine and marijuna (sic) at least throughout May of 2005" and that he had "[p]robable drug related [general anxiety disorder]". State agency psychologist N. Jessop examined the record on June 6, 2006 and affirmed the October 3, 2005 report. In summary, the record does not support finding either that Zeman suffers from a severe mental impairment or that Zeman's alleged depression or anxiety affects his ability to function or to perform basic work activities.

Zeman next claims the ALJ failed to give proper weight to his treating source. A treating physicians's opinion is not dispositive on the ultimate issue of disability. *See White v. Masssnari*, 271 F.3d 1256, 1259 (10th Cir. 2001) (citing *Castellano v.Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029) (10th Cir. 1994); *Gumm v. Apfel*, 17 F. Supp. 2d 1213, 1219-20 (D. Kan. 1998). The record does not support clinical or laboratory findings to support balance, tremor, dyspnea and anxiety findings**.** Dr. Lang's assessment of Zeman is inconsistent with the record as a whole.

The ALJ found Dr. Lang's opinions were not supported by objective findings and were not entitled to controlling weight. He looked at the following to determine what weight Dr. Lang's opinions could be given: (1) treatment relationship with Zeman; (2) continuous and regular care of Zeman; (3) medical records; and (4) referral of Zeman to cardiologists and other specialist as

4

necessary. Dr. Lang referred Zeman to cardiologists and other specialists as necessary, but no cardiologist or pulmonary specialist noted that he was disabled or recommended restriction in activities. Zeman confirmed he had never been referred for mental health counseling. The ALJ gave greater weight to the opinion of Dr. Schwartz, since Dr. Lang is not a mental health specialist.

The evidence supported improvements in Zeman's cardiac functioning and the ALJ found Dr. Lang's opinions were not supported by any of the applicable factors and therefore, were not given substantial weight. If the ALJ provides good reasons for discrediting the treating and examining doctors' opinions, nothing else is required. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). The court finds the ALJ gave not only Dr. Lang's opinions proper consideration but he gave proper consideration to all of the medical opinions and evidence in the record.

The court upholds the ALJ's finding that Zeman did not suffer from a severe mental impairment and has ample support in the record and further holds the ALJ gave proper weight to Zeman's treating source. For all of the reasons set forth above, the court denies Zeman's appeal.

IT IS SO ORDERED this 3rd day of February, 2009.

s/J. Thomas Marten  
J. THOMAS MARTEN, JUDGE